UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**GEORGE IVERSON, individually,**

           **Plaintiff,**           C.A. No. 04cv11835JLT

**v.**

**MANFELD ENTERPRISES
LIMITED PARTNERSHIP, a
Massachusetts Limited Partnership,**

           **Defendant.**

---

### DEFENDANT MANFELD HOTEL ENTERPRISES LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Manfeld Hotel Enterprises Limited Partnership ("defendant") answers plaintiff's complaint in this matter as follows:

### JURISDICTION AND VENUE

1.  Defendant admits that the district court has jurisdiction over claims of violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12181 *et seq*. Defendant denies that it has violated the ADA in any way.

2.  Defendant admits that it does business within the District of Massachusetts, and that venue within this district is proper.

### STATUTORY BACKGROUND

3.  Defendant admits that Congress enacted the ADA in 1990. Further answering, defendant states that the remainder of paragraph 3 of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph 3 of the complaint contains allegations of fact, such allegations are denied.

4. Paragraph 4 of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph 4 of the complaint contains allegations of fact, such allegations are denied.

5. Paragraph 5 of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph 5 of the complaint contains allegations of fact, such allegations are denied.

6. Paragraph 6 of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph 6 of the complaint contains allegations of fact, such allegations are denied.

7. Paragraph 7 of the complaint consists of statements of law, to which no response is necessary. To the extent that paragraph 7 of the complaint contains allegations of fact, such allegations are denied.

## THE PARTIES AND STANDING

8. Defendant is without knowledge or information as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies same.

9. Defendant denies the allegations contained in paragraph 9 of the complaint.

10. Defendant denies the allegations contained in paragraph 10 of the complaint.

11. Defendant admits that it owns the property upon which a hotel know as the Holiday Inn Dedham Hotel and Conference Center, 55 Ariadne Road, Dedham, Massachusetts, is located. Defendant denies the remaining allegations contained in paragraph 11 of the complaint.

12. Defendant denies the allegations contained in paragraph 12 of the complaint.

13. Defendant denies the allegations contained in paragraph 13 of the complaint.

14. Defendant denies the allegations contained in paragraph 14 of the complaint.

## THE INSTANT CLAIM

15. Defendant denies the allegations contained in paragraph 15 of the complaint.

16. Defendant denies the allegations contained in paragraph 16 of the complaint.

17. Defendant denies the allegations contained in paragraph 17 of the complaint.

18. Defendant denies the allegations contained in paragraph 18 of the complaint.

19. The complaint served upon defendant contains no paragraph 19.

20. The complaint served upon defendant contains no paragraph 20.

21. Defendant denies the allegations contained in paragraph 21 of the complaint.

22. Paragraph 22 of the complaint contains statements of law to which no response is necessary. To the extent that paragraph 22 contains allegations of fact, such allegations are denied.

23. Defendant denies the allegations contained in paragraph 23 of the complaint.

24. Paragraph 24 of the complaint contains statements of law to which no response is necessary. To the extent that paragraph 24 contains allegations of fact, such allegations are denied.

### First Affirmative Defense

The complaint fails to state claims upon which relief may be granted against defendant.

### Second Affirmative Defense

The allegations of the complaint state claims against a third party for whose conduct defendant is not legally responsible.

### Third Affirmative Defense

Defendant has at all times acted in good faith, in reasonable belief that its conduct is in compliance with the Americans with Disabilities Act.

### Fourth Affirmative Defense

The removal of barriers as described in the complaint is not readily achievable.

### Fifth Affirmative Defense

The removal of barriers as described in the complaint would place an undue burden on defendant.

WHEREFORE, defendant prays:

(1) That plaintiff's complaint be dismissed;

(2) That defendant be awarded its costs; and

(3) That defendant be awarded such other and further relief as the court deems appropriate.

    Defendant,

    MANFRED HOTEL ENTERPRISES
    LIMITED PARTNERSHIP

    By Its Attorneys:

    _/s/ Laurence J. Donoghue _____
    Laurence J. Donoghue (BBO # 130140)
    Jaclyn L. Kugell (BBO # 561622)
    MORGAN, BROWN & JOY, LLP
    One Boston Place
    Boston, MA 02108
    Tel: (617) 523-6666

Dated:    October 18, 2004

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the above answer by facsimile and first class mail, this 18th day of October, 2004 upon counsel for plaintiff: O. Oliver Wragg, Esq., Fuller, Fuller and Associates, P.A., 1200 Biscayne Boulevard, Suite 609, North Miami, FL 33183.

                                  ___/s/ Laurence J. Donoghue____
                                        Laurence J. Donoghue